**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ERIN KATHRYN CARTER,** § | | |
| **# 45242-177,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL NO. 3:16-CV-3358-N-BK** | |
| § | **(CRIMINAL NO. 3:12-CR-320-N-3)** | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. Doc. 2. She seeks a sentence reduction for minor role in the criminal activity. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be summarily **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

On April 30, 2013, Petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine and, on February 27, 2014, was sentenced to 92 months' imprisonment. Crim. Doc. 189; Crim. Doc. 500. She did not pursue a direct appeal. In the sole ground alleged in this timely section 2255 motion, Petitioner claims she should have received a role adjustment for minor or minimal participation under United States Sentencing Guideline section 3B1.2, as

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

clarified by Guideline Amendment 794.[2] *See* Doc. 2 at 1. She requests that her sentence be reduced because she was less culpable than the other participants in the criminal activity. Doc. 2 at 4. In support, Petitioner cites *United States v. Quintero-Leyva*, 823 F.3d 519, 522-523 (9th Cir. 2016), which held that Amendment 794 was a "clarifying amendment," and therefore applied retroactively on direct appeal. Doc. 2 at 1. That holding is inapposite here, however, since Petitioner seeks collateral, rather than direct review. In any event, Petitioner's objection to the calculation of the sentencing guidelines is not cognizable in a section 2255 action.

## II. ANALYSIS

This case is ripe for dismissal for failure to comply with a court order and/or for want of prosecution since Petitioner failed to comply with the December 6, 2016 order requiring her to address the statute of limitations issue, Doc. 3, and has not requested an extension of time to do so. That notwithstanding, the petition should be dismissed as meritless.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231‑32 (5th Cir. 1991) (*en banc*)). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th

---

[2] Amendment 794, which became effective on November 1, 2015, did not alter the text of U.S.S.G. § 3B1.2, but merely clarified that the court should compare the defendant's role to that of the other participants in the criminal activity at issue, and not to that of participants in other, similar crimes. USSG §3B1.2, comment 3(A).

2

Cir. 1999) (internal citation omitted); (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).[3]

### III. RECOMMENDATION

Because Petitioner's challenge to the application of the Sentencing Guidelines is not cognizable in a section 2255 motion, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** February 6, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] According to the Presentence Report (PSR), Petitioner received a two-point reduction because of her minor role in the offense.  Crim. Doc. 249-1 at 8 (PSR ¶ 30).  Then at sentencing, the Court granted an additional one point reduction because her role in the offense was between that of a minor and minimal participant.  Crim. Doc. 501 at 1 (Statement of Reasons).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE